UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------X
NEGIN JANATI and ALEX BRANDFON,                Civil Case Number:

                       Plaintiffs,

       -against-
                                               COMPLAINT and DEMAND
                                               FOR TRIAL BY JURY

FLAMES STEAKHOUSE, INC. d/b/a
GIARDINA D'ORO,
                       Defendant.
-------------------------------------------------------------------X
```

Plaintiffs NEGIN JANATI and ALEX BRANDFON ("MS. JANATI" and "MR. BRANDFON") by their attorneys, Law Offices of Andrew J. Carboy LLC, complaining of the defendant FLAMES STEAKHOUSE, INC. d/b/a GIARDINA D'ORO ("GIARDINA") herein, allege as set forth below.

## Introduction

1.  MS. JANATI brings this action for damages for: **A)** severe and permanent personal injuries including, but not limited to: burns to her left arm and wrist, including circumferential partial thickness burns to the left wrist, and burns extending to the forearm just below the elbow; blistering to the inner wrist; hospitalization; regular follow up care and treatment by a plastic surgeon; inflammation; pain and suffering; loss of enjoyment of life; embarrassment; disfigurement; scarring; need for future surgeries, including scar revision; loss of pigmentation; and nursing care and **B)** resulting economic loss, including lost wages, out-of-pocket medical costs, impact upon her career in public speaking and communications, future lost wages, and the obligation to repay a workers compensation carrier and a private insurance carrier (ERISA plan) for care and treatment of her injuries, sustained in negligence of the defendant GIARDINA, in its

1

ownership, control, management, maintenance and operation of a restaurant, known as *"Giardina D'Oro"* and located at 5 Gold Street, New York, New York 10038.

2. MR. BRANDFON brings this action for the loss of support and services of his spouse, MS. JANATI, resulting from the injuries she sustained in consequence of the negligence of the defendant GIARDINA.

3. As more fully detailed below, on November 20, 2014, while lawfully present in Giardina D'Oro as a patron, through no fault of her own, MS. JANATI sustained the aforementioned burn injuries when a member of defendant GIARDINA's serving staff dropped or lost control of a container of boiling water above her, dousing her arm with scalding hot liquid.

4. Negligence on the part of defendant GIARDINA, its agents, servants and employees, caused MS. JANATI to sustain serious and permanent injuries.

5. The subject incident took place in New York, New York, entirely within the Southern District of New York.

6. Venue is appropriate is the Southern District of New York pursuant to 28 U.S.C. Sec. 1391(b) (2) as a substantial part of the events or omissions giving rise to the claim occurred in New York, New York.

## THE PARTIES

7. MS. JANATI resides at 61 Washington Street, Norwalk, Connecticut 06854, and is a citizen of the State of Connecticut.

8. MS. JANATI works in journalism and human rights. She is a Communications Director at the United Nations Foundation, an organization dedicated to promoting, among other things, child health and sustainable development. She previously worked with Save The Children, an organization providing relief and support to minors, in Afghanistan.

9. MR. BRANDFON resides at 61 Washington Street, Norwalk, Connecticut 06854, and is a citizen of the State of Connecticut.

10. At all times relevant to the allegations set forth in this complaint, MS. JANATI and MR. BRANDFON were legally married.

11. Defendant GIARDINA was and still is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York.

12. Upon information and belief, and at all times hereinafter mentioned, defendant GIARDINA maintained and still maintains a place of business in New York County, the subject restaurant, Giardina D'Oro, at 5 Gold Street, New York, New York 10038.

13. Upon information and belief, and at all times hereinafter mentioned, defendant GIARDINA conducted and still conducts business in New York County, within the Southern District of New York.

## JURISDICTION

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as the parties are citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15. This Court has supplemental jurisdiction over the common law and state claims pursuant to 28 U.S.C. § 1367(a).

## **FACTS GIVING RISE TO PLAINTIFFS' NEGLIGENCE CLAIMS**

16. On November 20, 2014, MS. JANATI was lawfully present and seated in Giardina D'Oro as a patron, having just ordered a cup of tea.

17. Thereafter, an agent, servant and/or employee of defendant GIARDINA brought to MS. JANATI a container of boiling water placed atop a serving tray.

18. While carrying the container of boiling water atop the serving tray, the agent, servant and/or employee of defendant GIARDINA continued to walk to the table at which MS. JANATI sat.

19. The agent, servant and/or employee of defendant GIARDINA did not: place the serving tray on a tray stand; attempt to carry the container of boiling water on a smaller and more stable tray; attempt to carry the boiling water in a vessel capable of being handled directly, such as a tea cup with saucer; and otherwise deliver the boiling water in a safe and secure fashion so as to avoid causing injury to MS. JANATI.

20. Through no fault of MS. JANATI, as the agent, servant and/or employee of defendant GIARDINA came into close proximity with both MS. JANATI and the table, he lost control of the serving tray, causing the container of boiling water to topple over and spill its scalding contents.

21. Thereafter, scalding water poured down onto MS. JANATI's left arm and left wrist, and MS. JANATI sustained burn injuries in consequence.  Photos of MS. JANATI's injuries appear below:







22. MS. JANATI sustained burn injuries because of the negligent manner in which the vessel of boiling water was delivered to her table by agents, servants and/or employees of defendant GIARDINA.

23. Had the boiling water been delivered in a non-negligent fashion, such as the means detailed above, MS. JANATI would not have sustained injuries.

24. Had the boiling water being delivered in a reasonably safe and careful manner, MS. JANATI would not have sustained injuries.

25. Patrons of restaurants should be able to count on a safe dining environment without being subjected to scalding or boiling water burning their bodies.

26. Defendant GIARDINA failed to deliver hot liquids to patrons, including MS. JANATI, in a safe and secure manner by utilizing smaller containers, smaller serving trays, tray stands, and otherwise handling the containers holding the liquids in a safe, appropriate and reasonable way.

27. Had defendant GIARDINA employed such means and methods, MS. JANATI would not have sustained injuries.

28. MS. JANATI sustained injuries through no fault of her own.

29. Ms. JANATI sustained injuries as a direct and proximate result of the negligence of defendant GIARDINA, negligence including the acts and omissions described, above.

30. In consequence of being doused with scalding water, MS. JANATI sustained severe and permanent personal injuries including, but not limited to: burns to her left arm and wrist, including circumferential partial thickness burns to the left wrist, and burns extending to the forearm right below the elbow; blistering to the inner wrist; hospitalization; regular follow up care and treatment by a plastic surgeon; inflammation; pain and suffering; loss of enjoyment of life; embarrassment; disfigurement; scarring; need for future surgeries, including scar revision; loss of pigmentation; and nursing care and **B**) resulting economic loss, including lost wages, out-

of-pocket medical costs, impact upon her career in public speaking and communications, future lost wages, and the obligation to repay a workers compensation carrier and a private insurance carrier (ERISA plan) for care and treatment of her injuries, sustained in negligence of the defendant GIARDINA, in its ownership, control, management, maintenance and operation of a restaurant, known as *"Giardina D'Oro"* and located at 5 Gold Street, New York, New York 10038.

## AS AND FOR A CAUSE OF ACTION SOUNDING IN NEGLIGENCE AGAINST DEFENDANT GIARDINA

31. On November 20, 2014, MS. JANATI was legally present at the premises and restaurant located at 5 Gold Street, New York, New York 10038.

32. On November 20, 2014, and for some time prior thereto, defendant GIARDINA owned the premises and restaurant at 5 Gold Street, New York, New York 10038

33. On November 20, 2014, and for some time prior thereto, defendant GIARDINA leased the premises and restaurant located at 5 Gold Street, New York, New York 10038.

34. On November 20, 2014, and for some time prior thereto, defendant GIARDINA through its employees, agents or servants owned, operated, managed, maintained, inspected and controlled in all ways relevant to this claim the premises and restaurant located at 5 Gold Street, New York, New York 10038 including the following aspects: service of food; service of beverages, including hot, boiling and/or scalding liquids; use and operation of containers for hot, boiling and/or scalding liquids; use and operation of trays; use and operation of tray stands; use and operation of means and measures to safely transport

35. On November 20, 2014, and for some time prior thereto, defendant GIARDINA operated the premises and restaurant located at 5 Gold Street, New York, New York 10038.

36. On November 20, 2014, and for some time prior thereto, defendant GIARDINA maintained the premises and restaurant located at 5 Gold Street, New York, New York 10038.

37. On November 20, 2014, and for some time prior thereto, defendant GIARDINA controlled the premises and restaurant located at 5 Gold Street, New York, New York 10038.

38. On November 20, 2014, and for some time prior thereto, defendant GIARDINA managed the premises and restaurant located at 5 Gold Street, New York, New York 10038.

39. On November 20, 2014, defendant GIARDINA owed MS. JANATI a duty to ensure that she, as a lawful patron, was made safe from dangers on its property, the subject restaurant.

40. Defendant GIARDINA breached its duties of care to MS. JANATI as detailed above.

41. Defendant GIARDINA, by its acts and omissions set forth above, was negligent *per se* in bringing about the hazard that caused MS. JANATI to sustain burn injuries.

42. Defendant GIARDINA was affirmatively negligent in bringing about the hazard that caused MS. JANATI to sustain burn injuries.

43. Upon information and belief, said occurrence and resulting injuries to MS. JANATI were caused by the negligence, carelessness and recklessness of defendant GIARDINA, its agents, servants and/or employees, in the ownership, operation, management, maintenance, inspection, and control of the aforesaid premises.

44. WHEREFORE, MS. JANATI demands judgment against defendant GIARDINA, including punitive and exemplary damages, in a sum exceeding the jurisdictional limits of all lower courts with regard to her cause of action, together with the interest, costs and disbursements of this action.

45. MS. JANATI demands judgment against defendant GIARDINA as follows:

Cause of Action for Negligence: $1,000,000.00

for general damages, special damages, for punitive and exemplary damages, for her attorneys' fees and costs expended herein, for prejudgment interest where allowable by law and post judgment interest on the judgment at the rate allowed by law.

### AS AND FOR A CAUSE OF ACTION ON BEHALF OF ALEX BRANDFON AGAINST DEFENDANT GIARDINA

46. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

47. In consequence of the negligence of defendant GIARDINA, MR. BRANDFON was deprived and continues to be deprived of the services and support of his spouse, MS. JANATI.

48. MR. BRANDFON demands judgment against defendant GIARDINA as follows:

Cause of Action for Negligence: $500,000.00

## JURY TRIAL DEMAND

49. Plaintiffs demand that all issues of fact in this case be tried to a properly empanelled jury.

Dated: New York, New York
June 8, 2015

                                          Yours, etc.

                                          LAW OFFICES OF ANDREW J. CARBOY LLC

                                          By:_____
                                                ANDREW J. CARBOY (AC 2147)
                                          Attorneys for Plaintiff
                                          600 Fifth Avenue
                                          10th Floor
                                          New York, New York 10020
                                          (212) 520-7565